IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK BENJAMIN,

        Plaintiff,                  No. 2:12-cv-0392 KJN P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, in exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the

1

plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for the voluntary assistance of counsel.

In the present case, plaintiff states that his ability to pursue this action is limited by his incarceration, lack of knowledge of the law, and limited library access.  None of these factors warrant the appointment of counsel.  Plaintiff also states that this action is complex, will require significant research and investigation, and, should the case proceed to trial, "will likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses." (Dkt. No. 11 at 2.)  The instant action is, indeed, potentially complex.  Plaintiff, who is assigned the Enhanced Outpatient Program at California Medical Facility, alleges that defendants have adopted or ratified policies, practices and procedures, or failed to eliminate discriminatory policies, practices and procedures, that bar plaintiff and other disabled inmates from basic educational, vocational, employment, and recreational programs that are provided to nondisabled inmates.  Plaintiff alleges that he and similarly situated inmates have been denied equal access to prison programs and services for which they are otherwise qualified, based solely on their disabilities.

While these allegations present potentially complex factual and legal issues, the court finds it premature to appoint counsel in this case.  Plaintiff has ably articulated his claims, and provided several pertinent exhibits as attachments to his complaint.  This case will require the procurement, through discovery, of all pertinent written policies, practices and procedures, formal and informal.  Plaintiff appears fully capable of obtaining this pertinent written discovery, after defendants have been served process and the court sets deadlines for discovery and dispositive motions.  While this case may also require the deposition testimony of defendants or their designees, and the resolution of conflicting testimony, perhaps requiring the later appointment of counsel, such appointment is not warranted at the present time.

////

1  For these reasons, the court finds that plaintiff has failed to meet his burden of
2 demonstrating exceptional circumstances warranting the appointment of counsel at the present
3 time.
4  Accordingly, IT IS HEREBY ORDERED that plaintiff's July 16, 2012 motion for
5 the appointment of counsel (Dkt. No. 11), is denied without prejudice.
6 DATED: July 19, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

benj0392.31