IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK BENJAMIN,

Plaintiff, No. 2:12-cv-0392 WBS KJN P

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants. FINDINGS AND RECOMMENDATIONS

_______________________________/

I. Introduction

Plaintiff is a former state prisoner, recently paroled, who proceeds in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. The court found, in an initial screening order pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(b), that the complaint states potentially cognizable claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 et seq., and Section 504 of the Rehabilitation Act of 1973, based on allegations of disability-based discrimination. Plaintiff initiated this action while a prisoner at the California Medical Facility ("CMF"), assigned to the Enhanced Outpatient Program ("EOP"), a treatment program for prisoners requiring specialized mental health care. As summarized in the court's screening order, the complaint alleges the

following:

> [D]efendants California Department of Corrections and Rehabilitation ("CDCR"), Governor Jerry Brown, and [CMF] Warden Vimal Singh, have adopted or ratified policies, practices and procedures, or failed to eliminate discriminatory policies, practices and procedures, that bar plaintiff and other similarly-situated EOP or CDCR inmates from basic educational, vocational, employment, and recreational programs that are provided to other nondisabled inmates. Plaintiff alleges that he and other inmates have been denied equal access to prison programs and services for which they are otherwise qualified, based solely on their disabilities. Specifically, plaintiff contends he was denied access to (1) educational opportunities, including the electronics programs, computer classes, the art in corrections program, and TABE score test; (2) employment and vocational opportunities; (3) recreational programs and facilities; and (4) religious programs, including church services and Bible study.

(Dkt. No. 5 at 3 (internal citations omitted).) The complaint, which seeks declaratory and injunctive relief, and monetary damages, was construed to be an individual suit, not a class action. Based on these allegations, the court ordered service of the complaint on defendants CDCR, Governor Brown, and CMF Warden Singh. (Dkt. No. 14.)

Soon thereafter, plaintiff was transferred to Atascadero State Hospital. (Dkt. Nos. 16, 17.) Defendants responded to the complaint by filing a motion to declare plaintiff a "three-strikes" litigant under 28 U.S.C. § 1915(g), and thus to revoke plaintiff's in forma pauperis status and to stay this action pending plaintiff's payment of the full filing fee. Plaintiff filed an opposition to defendants' motion, together with a notice that he had been transferred to Donovan Correctional Facility; plaintiff also moved for entry of default and default judgment, and for summary judgment. Defendants responded to plaintiff's motions. Plaintiff thereafter informed the court that he had been paroled.

For the reasons that follow, the undersigned recommends that each of the pending motions be denied, and that plaintiff be required to submit a new application to proceed in forma pauperis by a non-prisoner, and an amended complaint.

////

II. Plaintiff's In Forma Pauperis Status

The "three-strikes" litigant provision of 28 U.S.C. § 1915(g) applies only to prisoners. See 28 U.S.C. § 1915(g).[1] Because plaintiff is no longer a state prisoner, this provision does not apply to him. Accordingly, defendants' motion to declare plaintiff a "three-strikes" litigant under 28 U.S.C. § 1915(g), should be denied.

Nevertheless, plaintiff should be required to submit a new application to proceed in forma pauperis, specific to non-prisoners. Plaintiff's current in forma pauperis status is premised on a prior balance in plaintiff's former prison trust account, which is no longer pertinent. Upon review of plaintiff's completed non-prisoner application to proceed in forma pauperis, the court will reassess whether plaintiff should continue to proceed in this action in forma pauperis.[2]

III. Plaintiff's Motion for Default Judgment

Plaintiff moves for entry of default and default judgment on the ground that no defendant answered the complaint within 20 days after being served with the summons and complaint. (Dkt. No. 24.) Rule 12(a)(1)(A)(i), Federal Rules of Civil Procedure, requires that defendants file a responsive pleading within 21 days after service of process. However, the Federal Rules further provide that, if a defendant timely waives service of process, the deadline

---

[1] Absent exceptional circumstances, the PLRA precludes prisoners from bringing a civil rights action in forma pauperis if they have previously had three actions dismissed as frivolous, malicious, or for failure to state a claim. As set forth in 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[2] Plaintiff notes that $213.41 was withdrawn from his prisoner trust account and sent to this court toward payment of the $350 filing fee. (Dkt. No. 24, Exh. 1.) Should the court determine that plaintiff is no longer eligible to proceed in this action in forma pauperis, the court will credit plaintiff the amount of $213.41 toward full payment of the filing fee.

for filing a responsive pleading shall be 60 days. See Fed. R. Civ. P. 12(a)(1)(A)(ii) ("A defendant must serve an answer . . . if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent. . . ."). Moreover, this deadline is suspended pending the court's decision on an interim responsive motion. Fed. R. Civ. P. 12(a)(4) (responsive pleading due 14 days after notice of the court's action on the interim motion).

In the present case, each defendant timely waived service of process (see Dkt. Nos. 27, 28),[3] thus deferring for a period of 60 days the deadline for filing a responsive pleading. During this 60-day period, defendants timely filed their motion to revoke plaintiff's in forma pauperis status, thus postponing the deadline for serving and filing an answer until 14 days after notice of the court's decision on the pending motion. Fed. R. Civ. P. 12(a)(4).

For these reasons, plaintiff's argument in support of his motion for entry of default and default judgment is without merit, and the motion should be denied. See Fed. R. Civ. P. 55 (authorizing entry of default and default judgment only against a party who "has failed to plead or otherwise defend").

IV. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment on his behalf on the ground that "there is no triable issue of fact as to liability, and therefore the moving party is entitled to judgment on the issue of liability as a matter of law." (Dkt. No. 26 at 2.) See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). In support of this motion, plaintiff has filed a three-page declaration which sets forth only the procedural history of this action; the declaration does not identify any substantive facts or address any legal claim, as set forth in the complaint. Thus, defendants oppose plaintiff's motion on the ground that it fails

---

[3] Defendants CDCR and Governor Brown waived service on September 7, 2012, rendering their responsive pleading due on or before November 6, 2012. (Dkt. No. 28.) Defendant Warden Singh waived service on September 20, 2012, rendering his responsive pleading due on or before November 19, 2012. (Dkt. No. 27.)

to contain any statement of undisputed facts or any legal authority on any claims, thus failing to demonstrate entitlement to judgment on any claim as a matter of law.

Defendants' opposition is well taken. "Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citation and internal quotation marks omitted.)

Because plaintiff's motion for summary judgment fails to present any relevant facts or address the substance of plaintiff's legal claims, the motion should be denied without prejudice.

V. Plaintiff's Standing to File an Amended Complaint

It is essential that this court have subject matter jurisdiction over any action before it. Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Moreover, plaintiff must demonstrate that he has standing to pursue his claims, and that his claims are not moot. Jacobs v. Clark Co. Sch. Dist., 526 F.3d 419, 425 (9th Cir. 2008); White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

As a general rule, the transfer of a prisoner-plaintiff to another facility, or his release on parole, renders moot his claims for injunctive relief against the transferring or releasing facility, unless the suit is a class action. Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). This court previously found that the instant action may not be construed as a class action, but must be construed as an individual civil suit brought by plaintiff. (See Dkt. No. 5 at 4.) Thus, the court finds that plaintiff's release from custody renders moot his claims for injunctive relief.

On the other hand, plaintiff may continue to seek monetary damages for past injury. "[I]t is firmly established that claims for monetary damages survive a prisoner's release

from . . . . custody." Rhodes, 408 F.3d at 566 n.8 (citing, inter alia, Board of Pardons v. Allen, 482 U.S. 369, 371 n.1(1987) (release on parole); and Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (transfer)). Moreover, plaintiff's request for declaratory relief is subsumed by his damages action. Rhodes, 408 F.3d at 566 n.8.

The question remains, however, whether plaintiff retains standing to pursue his damages claims. Plaintiff bears the burden of demonstrating that he meets the three-part test for standing, a constitutional prerequisite inherent in the "case or controversy" requirement of Article III of the United States Constitution. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The first element is "injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural, or hypothetical." Id. at 560 (citations and internal quotations marks omitted). "Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 560-61 (citations and internal punctuation and quotation marks omitted).

Review of the complaint demonstrates that many of plaintiff's allegations rest on general and/or anticipated injuries, e.g., that plaintiff's exclusion from certain programs and services, due to his EOP status, caused him to "lose benefits attendant to work, education, or vocational programs," including "the electronic programs, computer classes, the art in corrections program, and the TABE score test." (Dkt. No. 1 at 10.) Due to these broad allegations, and plaintiff's current parole status, the undersigned recommends that plaintiff be required to file an amended complaint that is limited to presently cognizable damages claims premised on specifically alleged personal injuries.

Accordingly, the undersigned recommends dismissal of the instant complaint with leave to amend.

IV. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to declare plaintiff a "three-strikes" litigant, pursuant to 28 U.S.C. § 1915(g) (Dkt. No. 18), should be denied.

2. Plaintiff's motion for entry of default, and default judgment (Dkt. No. 24), should be denied.

3. Plaintiff's motion for summary judgment (Dkt. No. 26), should be denied without prejudice.

4. Plaintiff should be required to submit, within 30 days after service of the district judge's order adopting these findings and recommendations, a new application to proceed in forma pauperis, specific to non-prisoners.

5. The operative complaint (Dkt. No. 1) should be dismissed, and plaintiff should be granted leave to file and serve, within 30 days after service of the district judge's order, an Amended Complaint that meets the requirements set forth herein.

6. The Clerk of Court should be directed to send plaintiff, with the district judge's order adopting these findings and recommendations, a blank Application to Proceed Without Prepayment of Fees and Affidavit, used in non-prisoner cases.

7. Failure of plaintiff to comply with the requirements of the district judge's order adopting these findings and recommendations should result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

benj0392.misc.