IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK BENJAMIN,

      Plaintiff,                    No. 2:12-cv-0392 WBS KJN P

      vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

      Defendants.               FINDINGS AND RECOMMENDATIONS

        By order filed May 28, 2013, plaintiff's complaint was dismissed, and the court granted plaintiff leave to file an amended complaint, together with an application to proceed in forma pauperis, within thirty days after service of the court's order.  (ECF No. 37.)  More than thirty days have passed, and plaintiff has not filed either document, or otherwise responded to the court's order.

        Plaintiff's failure to respond to an order of this court supports dismissal of this action.  Local Rule 110 provides that failure to comply with any order of the court "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  In addition, Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant

1

may move to dismiss the action or any claim against it." Defendant has moved to dismiss this action. (ECF No. 38.)

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In recommending that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors -- expeditious resolution of cases and the court's need to manage its docket -- support dismissal of this action. Plaintiff has neither requested an extension of time nor explained his failure to comply with the court's order. Plaintiff's conduct suggests that he has abandoned this action and that further time spent by the court on this case will consume scarce judicial resources in addressing litigation that plaintiff has no intention of pursuing.

The third factor, prejudice to defendants, also favors dismissal. Plaintiff's failure to respond to the court's order causes unnecessary delay. "Unreasonable delay is the foundation upon which a court may presume prejudice." Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000); see also Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (unnecessary delay caused by plaintiff's inaction "inherently increases the risk that witnesses' memories will fade and evidence will become stale").

The fifth factor, availability of less drastic alternatives, also favors dismissal. The court previously denied defendant's motion to revoke plaintiff's in forma pauperis status and to

1  dismiss this case, instead according plaintiff ample opportunity to proceed in this action.  See
2  Ferdik, 963 F.2d at 1263.
3          The fourth factor, public policy favoring disposition of cases on their merits,
4  ordinarily weighs against dismissal of an action.  Id.
5          The court finds that, balancing each of these factors, under the circumstances of
6  this case, demonstrates that the general public policy favoring disposition of cases on their merits
7  is outweighed by the other Ferdik factors, thus warranting dismissal of this action for failure to
8  respond to the court's May 28, 2013 order.
9          For the foregoing reasons, IT IS HEREBY RECOMMENDED that:
10         1.  Defendants' motion to dismiss (ECF No. 38) be granted.
11         2.  This action be dismissed without prejudice pursuant to Federal Rule of Civil
12  Procedure 41(b).
13         These findings and recommendations are submitted to the United States District
14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
15  one days after being served with these findings and recommendations, any party may file written
16  objections with the court and serve a copy on all parties.  Such a document should be captioned
17  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
18  objections shall be filed and served within fourteen days after service of the objections.  The
19  parties are advised that failure to file objections within the specified time may waive the right to
20  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21  DATED:  July 22, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

benj0392.fta